**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,                                     No. C 13-80277 JSW

    v.

BOORNAZIAN, ET AL.,                     **ORDER**

    Defendant.

_____/

Now before the Court are the filings by Plaintiff Hung Ha entitled "Application for Nunc Pro Tunc Order" and "Motion Disqualifying JST et al; Application for Extension to Resubmit." Plaintiff seeks to disqualify Judge Tigar due to an order he issued on November 20, 2013 in case No. 13-80187 JST. In that order, Judge Tigar conducted a pre-filing review of Plaintiff's complaint based on an order issued by Judge Larson which required that "any future civil pro se filing by Plaintiff in this district shall be subject to pre-filing review by a judge of this Court." *Ha v. United States Atty. Gen.*, No.09-cv-5281-JL, 2010 WL 3001224 (N.D. Cal. July 29, 2010), *aff'd*, No. 10-16506 (9th Cir. June 27, 2011).

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigations. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). Before it grants a request for a pre-filing review order, a court should: (1) give the litigant adequate notice and an opportunity to be heard; (2) compile an adequate record for review; (3) make substantive findings as to the

frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the order "to closely fit the specific vice encountered." *Id.* (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1145-48 (9th Cir. 1990)).

The Court finds that Judge Larson properly followed this procedure in declaring Plaintiff a vexatious litigant and requiring that all his subsequent pro se civil filings be subject to pre-filing review. The Court also finds that Judge Tigar properly followed the pre-filing procedure and found Plaintiff's underlying suit challenging a settlement reached in a class action before Judge Henderson to be frivolous. Judge Tigar properly reviewed the substance of the complaint under the pre-filing requirements imposed by Judge Larson and dismissed Plaintiff's challenge to the settlement for failure to state a claim upon which relief can be granted.

The Court has reviewed the submissions in this matter and finds Plaintiff's request to disqualify Judge Tigar to be similarly without merit. "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (brackets and internal quotation marks omitted). A motion for disqualification based entirely upon the district court judge's adverse ruling is not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous cases for the same proposition). In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the Supreme Court explained the narrow bases upon which a party may move for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

2

Plaintiff has not demonstrated a bias or prejudice which stems from an extrajudicial source or indicated any basis upon which Judge Tigar's impartiality might reasonably be questioned. Accordingly, the Court DENIES Plaintiff's motion to disqualify Judge Tigar.

## CONCLUSION

For the foregoing reasons, having reviewed the filings by Plaintiff and finding them lacking in merit, the Court DENIES Plaintiff's request to disqualify.

**IT IS SO ORDERED.**

Dated: December 10, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE: HUNG HA,

        Plaintiff,

  v.

IN RE: HUNG HA et al,

        Defendant.

Case Number: CV13-80277 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: December 10, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk